**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **OLIVISTAR, LLC,**<br><br>　　　**Plaintiff,**<br><br>　v.<br><br>**UNDER ARMOUR, INC.,**<br><br>　　　**Defendant.** | **CIVIL ACTION NO. 2:14-cv-676**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Olivistar, LLC ("Plaintiff" or "Olivistar"), by and through its undersigned counsel, files this Complaint against Defendant Under Armour, Inc. ("Under Armour") as follows:

**NATURE OF THE ACTION**

1.　This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,944,469 entitled "System and Method For Using Self-Learning Rules to Enable Adaptive Security Monitoring" (the "'469 patent"; a copy of which is attached hereto as Exhibit A). Olivistar is the owner by assignment of the '469 patent. Olivistar seeks injunctive relief and monetary damages.

**PARTIES**

2.　Plaintiff Olivistar, LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 2150 S. Central Expressway, Suite 200, McKinney, Texas 75070.

3.　On information and belief, Defendant Under Armour, Inc. is a Maryland company with its principal place of business at 1020 Hull Street, 3rd Floor, Baltimore, MD 21230. Under Armour may be served through its agent for service of process The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas. Defendant derives substantial revenue from goods and services provided to individuals in Texas and in this district.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

## COUNT I– INFRINGEMENT OF U.S. PATENT 7,944,469

8. Olivistar refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '469 patent was duly and legally issued by the United States Patent and Trademark Office on May 17, 2011, after full and fair examination. The '469 patent is in full force and effect. Plaintiff is the owner by assignment of the '469 patent and possesses all rights of recovery under the '469 patent, including the exclusive right to sue for infringement and recover past damages.

10. Defendant owns, operates, advertises, controls, sells, and otherwise provides systems that infringe the '469 patent. The '469 patent provides, among other things, a "method for processing device data comprising: (1) obtaining device data corresponding to one or more monitoring devices; (2) comparing the monitoring device data to a set of previously collected device data; and (3) generating an output if the monitoring device data substantially deviates from the set of previously collected monitoring device data; (4) wherein the monitoring device data is stored in tables that include dimensions and measures, wherein the monitoring device data stored in the tables is updated periodically to reflect desired norms within a given dimension, and wherein the monitoring device data is compared to the desired norms to determine a rule violation."

11. Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for using self-learning rules to enable adaptive monitoring that infringed one or more claims of the '469 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers for sale, and sells their product entitled Armour39 System ("Accused Instrumentality") which directly and/or indirectly infringes the '469 patent.

12. Defendant also infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to infringement of the '469 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods and systems claimed by the '469 patent, and advising, encouraging, contributing, or otherwise inducing others to perform the remaining steps claimed by the '469 patent to the injury of Olivistar. Since at least the filing date of this Complaint, Defendant has had knowledge of the '469 patent, and by continuing the actions described above, has had specific intent to induce infringement of the '469 patent pursuant to 35 U.S.C. § 271(b).

13. Defendant is willfully and intentionally infringing the '469 Patent from at least the date of the filing of this law suit.

14. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Defendant's infringement of Plaintiff's exclusive rights under the '469 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '469 patent;

B. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '469 patent, or such other equitable relief the Court determines is warranted;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

D. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: June 9, 2014                                    Respectfully submitted,

                                                       By: */s/ Austin Hansley*
                                                       **AUSTIN HANSLEY P.L.L.C.**
                                                       Austin Hansley
                                                       Texas Bar No.: 24073081
                                                       Brandon LaPray
                                                       Texas Bar No.: 24087888
                                                       5050 Quorum Dr. Suite 700
                                                       Dallas, Texas 75254
                                                       Telephone:     (469) 587-9776
                                                       Facsimile:     (855) 347-6329
                                                       Email: Austin@TheTexasLawOffice.com
                                                       www.TheTexasLawOffice.com
                                                       **ATTORNEY FOR PLAINTIFF**
                                                       **OLIVISTAR, LLC**